ELECTRONIC CITATION: 2000 FED App. 0013P (6th Cir.)
File Name: 00b0013p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

In re: BRYANT BAILEY,     )
    )
        Debtor.     )
_____ )
    )
KIMBERLY BAILEY,     )
    )
        Plaintiff-Appellee,     )
    )
    v.     )   No. 00-8034
    )
BRYANT BAILEY,     )
    )
        Defendant-Appellant.     )
_____ )

Appeal from the United States Bankruptcy Court
for the Western District of Tennessee, Eastern Division at Jackson.
No. 99-11327, Adv. No. 99-5252.

Submitted: October 4, 2000

Decided and Filed: November 20, 2000

Before: AUG, MORGENSTERN-CLARREN, and RHODES,
Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:** David W. Camp, DOWDEN, ZDANCEWICZ & CAMP, Jackson, Tennessee, Claire D. Reno, DOWDEN, ZDANCEWICZ & CAMP, Memphis, Tennessee, for Appellant. Harold F. Johnson, Jackson, Tennessee, for Appellee.

_____

**OPINION**

_____

STEVEN W. RHODES, Chief Bankruptcy Appellate Panel Judge. The bankruptcy court entered a judgment that obligations in the amount of $20,000 that the debtor, Bryant Bailey, owes to Kimberly Bailey are in the nature of support and are thus nondischargeable pursuant to 11 U.S.C. § 523(a)(5). The Panel agrees with the bankruptcy court that the obligations identified in the bankruptcy court's judgment are in the nature of support and therefore nondischargeable. Accordingly, that aspect of the bankruptcy court's judgment is **AFFIRMED**. However, the record is insufficient to establish the basis on which the bankruptcy court determined that the amount of the nondischargeable debt should be $20,000. Accordingly, that aspect of the judgment is **VACATED** and the case is **REMANDED** for additional factual findings. In the alternative, the bankruptcy court may conduct any further proceedings that it deems necessary to determine an appropriate judgment.

## I. ISSUES ON APPEAL

The issues on appeal are whether the obligations that Bryant Bailey owes to Kimberly Bailey pursuant to their divorce proceedings are in the nature of support under 11 U.S.C. § 523(a)(5) and whether the record supports that bankruptcy court's award of a nondischargeable judgment in the amount of $20,000.

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Western District of Tennessee has authorized appeals to the BAP. A final order of a bankruptcy court may be appealed by right under 28 U.S.C. §158(a)(1). For purposes of appeal, an order is final if it "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted).

Conclusions of law are reviewed de novo. *See Nicholson v. Isaacman* (*In re Isaacman*), 26 F.3d 629, 631 (6th Cir. 1994). "De novo review requires the Panel to review questions of law independent of the bankruptcy court's determination." *First Union Mortgage Corp. v. Eubanks (In re Eubanks)*, 219 B.R. 468, 469 (B.A.P. 6th Cir. 1998) (citation omitted). Determinations of dischargeability under 11 U.S.C. § 523 are conclusions of law reviewed de novo. *Hart v. Molino* (*In re Molino*), 225 B.R. 904, 906 (B.A.P. 6th Cir. 1998). However, "[t]he Panel must affirm the underlying factual determinations unless they are clearly erroneous." *Id.* (citing *National City Bank v. Plechaty* (*In re Plechaty*), 213 B.R. 119, 121 (B.A.P. 6th Cir. 1997)). *See also Sorah v. Sorah* (*In re Sorah*), 163 F.3d 397, 400 (6th Cir. 1998). "A finding of fact is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *R.D.F. Developments, Inc. v. Sysco Corp.* (*In re R.D.F. Developments, Inc.*), 239 B.R. 336, 338-39 (B.A.P. 6th Cir. 1999) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S. Ct. 1504, 1511 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 542 (1948))).

## III. FACTS

On December 23, 1997, Kimberly Bailey filed for a divorce from Bryant Bailey in the Tennessee Chancery Court. The divorce proceeding was acrimonious, resulting in many orders from the Chancery Court. On May 11, 1998, the Chancery Court entered an Agreed Temporary Support Order, which required Bryant Bailey to pay the first and second mortgage payment on the family home. On October 5, 1998, the Chancery Court entered a second order requiring Bryant Bailey to pay clothing expenses for the children, as well as vehicle repairs and other expenses, and to sell certain items, including a ski boat and accessories, a riding lawnmower, bicycles, guns, and tools. The October 5, 1998 order also required the parties to place the home up for sale. Bryant Bailey filed bankruptcy on April 30, 1999.

The Chancery Court entered a third order on May 10, 1999, noting that the parties had not complied with previous court orders. The Chancery Court also noted that damage had occurred to the home and that Bryant Bailey had erroneously received an insurance check in the amount of $19,000.

On June 7, 1999, the Chancery Court entered its Findings of Fact awarding Kimberly Bailey an absolute divorce. This order awarded Kimberly Bailey $852 per month in child support as well as costs and attorney fees as alimony *in solido*.

On September 20, 1999, the Chancery Court entered another order setting the amount of child support at $855 per month and awarding Kimberly Bailey costs and fees in lieu of additional alimony.

On December 9, 1999, the Chancery Court entered yet another order to clarify its Findings of Fact. This order noted the previous order for the sale of the ski boat including all accessories, two new bicycles, guns, rowing machine, weight bench, and tools having a value of approximately $5,000. The Chancery Court then held that the proceeds of the sale of these items were for the care and maintenance of Kimberly Bailey and the children or in the alternative as alimony *in solido*. The Chancery Court also specifically held that the assumption of indebtedness of the home mortgages and credit card debt by Bryant Bailey was necessary for the support and maintenance of Kimberly Bailey and the children. Finally, the Chancery Court awarded Kimberly Bailey an amount necessary to reimburse her expenses in lieu of additional alimony and child support.

On August 6, 1999, Kimberly Bailey filed a complaint in the bankruptcy court asserting that the debt that Bryant Bailey owed to her was nondischargeable pursuant to 11 U.S.C. § 523(a)(5). On May 8, 2000, the bankruptcy court entered its opinion and order holding that Bryant Bailey's obligation to Kimberly Bailey was nondischargeable in the amount of $20,000. The bankruptcy court also ordered the parties to sell the ski boat and accessories, bicycles, guns rowing machine and tools as partial satisfaction of the judgment. The bankruptcy court also awarded Kimberly Bailey attorney's fees and expenses.

Bryant Bailey filed this timely appeal. He argues that the amount of $20,000 is not supported by the record or evidence and is not in the nature of support.

## IV. DISCUSSION

Section 523(a)(5) provides:

> (a)     A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
> . . .

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 408(a)(3) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support[.]

11 U.S.C. § 523(a)(5).

## A.

Bryant Bailey's first argument is that the debt is not in the nature of support as required for nondischargeability under § 523(a)(5). In *Sorah*, the Sixth Circuit stated:

> In determining whether an award is actually support, the bankruptcy court should first consider whether it "quacks" like support. Specifically, the court should look to the traditional state law indicia that are consistent with a support obligation. These include, but are not necessarily limited to, (1) a label such as alimony, support, or maintenance in the decree or agreement, (2) a direct payment to the former spouse, as opposed to the assumption of a third-party debt, and (3) payments that are contingent upon such events as death, remarriage, or eligibility for Social Security benefits.
> An award that is designated as support by the state court and that has the above indicia of a support obligation (along with any others that the state support statute considers) should be conclusively presumed to be a support obligation by the bankruptcy court. A non-debtor spouse who demonstrates that these indicia are present has satisfied his or her burden of proving that the obligation constitutes support within the meaning of § 523, and is thus nondischargeable. The burden then shifts to the debtor spouse to demonstrate that although

the obligation is of the type that may not be discharged in bankruptcy, its amount is unreasonable in light of the debtor spouse's financial circumstances.

*Id*., 163 F.3d at 401(citation omitted).

"'[T]he terms "alimony" and "support" are given a broad construction to promote the Congressional policy that favors enforcement of obligations for spousal and child support.' 'Congressional policy concerning § 523(a)(5) 'has always been to ensure that genuine support obligations would not be dischargeable.'" *Hayes v. Hayes* (*In re Hayes*), 235 B.R. 885, 891 (Bankr. W.D. Tenn. 1999) (internal citations omitted).

In the present case, the Chancery Court repeatedly identified that the award to Kimberly Bailey was for maintenance, support and alimony. The Chancery Court ordered certain property turned over to Kimberly Bailey to be sold by her and the proceeds used as maintenance and support for herself and the children. The Chancery Court specifically took note of the disparity in income between the two parties and Kimberly Bailey's inability to work full time or to obtain a higher paying job due to her obligations to care for the children, one of whom has disabilities. The Chancery Court also required Bryant Bailey to assume certain debts for the maintenance and support of Kimberly Bailey and the children, noting that if Kimberly Bailey had to pay those debts, "it would affect her ability to support herself and the minor children of the parties." (12/9/1999 Order.)

The first two of the *Sorah* indicia are clearly met with regard to the sale of the personal property. The Chancery Court labeled the obligations support and maintenance, and required Bryant Bailey to turn over the property to Kimberly Bailey for her to sell. The third *Sorah* indicia is not applicable because Bryant Bailey's obligation was a current obligation. The Chancery Court stated that the award was made for the immediate support and maintenance of Kimberly Bailey and the children. The bankruptcy court's factual finding that these awards were in the nature of support is consistent with *Sorah's* presumption and is not clearly erroneous.

With regard to the assumption of indebtedness, the Chancery Court again indicated that it was in the nature of support and maintenance. However, the Chancery Court did not indicate when these payments were to cease. Further, the Chancery Court did not state whether Bryant Bailey was to make the payments to the third party or directly to Kimberly Bailey. However, *Sorah* specifically states that the determination of whether an

award is support is not limited to the traditional indicia and can include others. *Sorah*, 163 F.3d at 401. Other indicia can include: "(1) the disparity of earning power between the parties; (2) the need for economic support and stability; (3) the presence of minor children; and (4) martial fault." *Luman v. Luman* (*In re Luman*), 238 B.R. 697, 706 (Bankr. N.D. Ohio 1999) (citing *Singer v. Singer* (*In re Singer*), 787 F.2d 1033, 1035 (6th Cir. 1986)).

In this case, these indicia all support the bankruptcy court's factual finding that the award of the assumption of indebtedness was also in the nature of support. The Chancery Court had specifically noted the disparity of earning power between the parties and the need for economic support through the assumption of the indebtedness. Further, there were minor children involved.

Accordingly, the bankruptcy court correctly found that the awards in favor of Kimberly Bailey in the divorce proceedings are in the nature of support and thus nondischargeable pursuant to 11 U.S.C. § 523(a)(5).


B.

Bryant Bailey's second argument is that the $20,000 amount is not supported by the record.

The bankruptcy court order did not indicate the basis for the $20,000 amount and it is difficult to glean from the record. The record indicates that the value of the ski boat is approximately $4,000, but the record does not suggest whether that value includes the value of the boat's accessories. The Chancery Court found a $5,000 value for the tools, but Bryant Bailey disputed that amount at the trial in the bankruptcy court, arguing that there were only $1,000 worth of tools. The record contains no evidence regarding the value of the guns, bicycles, weight bench or assumption of indebtedness. The bankruptcy court's opinion also does not explain how the $19,000 insurance check that Bryant Bailey was ordered to turnover to Kimberly Bailey figures into the $20,000 judgment.

Accordingly, the case must be remanded to the bankruptcy court for further factual findings in support of the conclusion that the nondischargeable debt should be fixed at

$20,000. In the alternative, the bankruptcy court may conduct any further proceedings that it deems necessary to determine an appropriate judgment.[1]

## V. CONCLUSION

The aspect of the bankruptcy court's judgment holding that the obligations owing by Bryant Bailey to Kimberly Bailey are in the nature of support and are thus nondischargeable under 11 U.S.C. § 523(a)(5) is **AFFIRMED**. The aspect of the judgment finding that $20,000 is nondischargeable is **VACATED** and the case is **REMANDED** for additional factual findings or for any further proceedings that the bankruptcy court deems necessary to enter an appropriate judgment.

---

1  Bryant Bailey also argued that the debt is dischargeable under § 523(a)(15) because he is unable to pay it. This section only applies to debts that are not support and is therefore not applicable in this case, as the bankruptcy court correctly determined that the debts are in the nature of support, maintenance or alimony.

Kimberly Bailey also filed a request for an award of damages and costs pursuant to FED. R. BANKR. P. 8020. In light of the Panel's conclusion that a remand is necessary, the Panel cannot hold that the appeal is frivolous. The request is denied.