*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to 6th
Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name: 05b0004n.06**

### BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

| | | |
|---|---|---|
| In re: NEIL J. O'DONNELL, | ) | |
| | ) | No. 04-8054 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| In re: KEVIN P. O'DONNELL, | ) | |
| | ) | No. 04-8056 |
| Debtor. | ) | |
| | ) | |
| FRANK J. NORMALI, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NEIL J. O'DONNELL, KEVIN P. O'DONNELL, | ) | |
| | ) | |
| Appellees. | ) | |

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio, Eastern Division, at Cleveland.
Nos. 03-15956, 03-12833.

Argued: February 2, 2005

Decided and Filed: May 19, 2005

Before: AUG, GREGG, and LATTA, Bankruptcy Appellate Panel Judges.

———————————————

## COUNSEL

**ARGUED:** Kenneth J. Freeman, Cleveland, Ohio, for Appellant. David O. Simon, LAW OFFICES OF DAVID O. SIMON, Cleveland, Ohio, for Appellees. **ON BRIEF:** Kenneth J. Freeman, Cleveland, Ohio, for Appellant. David O. Simon, LAW OFFICES OF DAVID O. SIMON, Cleveland, Ohio, for Appellees.

———————————————

## OPINION

———————————————

JENNIE D. LATTA, Bankruptcy Appellate Panel Judge. Appellant Frank J. Normali ("Normali") appeals an order of the bankruptcy court which denied him standing to file proofs of claim in the individual bankruptcy cases of the Appellees, Neil J. O'Donnell and Kevin P. O'Donnell (the "Debtors"). The proofs of claim were based upon a judgment rendered in favor of Normali against three corporations, O'Donnell & Company, O'Donnell Advisory Services, Inc., and O'Donnell Securities Corp. (the "O'Donnell Corporations"). The Debtors have a relationship with each of these entities as officers, stockholders, or directors. Each of the O'Donnell Corporations is a debtor in a chapter 7 bankruptcy case. Normali seeks to recover assets of the O'Donnell Corporations alleged to have been fraudulently transferred to the Debtors. He filed suit in state court to recover these assets before the bankruptcy cases for the O'Donnell Corporations were filed. The trustee for each of the O'Donnell Corporations intervened and caused these lawsuits to be removed and transferred to the bankruptcy court. In their individual cases, the Debtors objected to the proofs of claim filed by Normali. The bankruptcy court held that the causes of action asserted by Normali in his proofs of claim belong to the bankruptcy estates of the O'Donnell Corporations, and can only be asserted by the bankruptcy trustee for each of those estates. Accordingly, the court held that Normali lacks standing to pursue those causes of action. Normali asserts that the conclusion of the bankruptcy court was error, and further, that the Debtors lack standing to object to his proofs of claim.

# I. ISSUES ON APPEAL

The issues raised on appeal are these:

(1) Whether a judgment creditor with a claim against a debtor corporation has standing to file a proof of claim in the bankruptcy case of an individual debtor who is alleged to be a transferee of fraudulent transfers from the debtor corporation.

(2) Whether standing may be considered by the Panel when it is raised for the first time on appeal.

(3) Whether the Debtors have standing to object to proofs of claim in their individual bankruptcy cases.

# II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit (the "Panel") has jurisdiction to hear and decide this appeal. The United States District Court for the Northern District of Ohio has authorized appeals to the Panel. A "final order" of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1). For purposes of an appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted). The decision of the bankruptcy court sustaining the Debtors' objections to Normali's proofs of claim is a final order. *See Malden Mills Indus., Inc. v. Maroun (In re Malden Mills Indus., Inc.)*, 303 B.R. 688, 696 (B.A.P. 1st Cir. 2004).

This Panel reviews conclusions of law de novo. "'De novo review requires the Panel to review questions of law independent of the bankruptcy court's determination.'" *Bailey v. Bailey (In re Bailey)*, 254 B.R. 901, 903 (B.A.P. 6th Cir. 2000) (quoting *First Union Mortgage Corp. v. Eubanks (In re Eubanks)*, 219 B.R. 468, 469 (B.A.P. 6th Cir. 1998) (omitting citations)). The Panel must "'affirm the underlying factual determinations unless they are clearly erroneous.'" *Bailey*, 254 B.R. at 903 (quoting *Hart v. Molino (In re Molino)*, 225 B.R. 904, 906 (B.A.P. 6th Cir. 1998) (citing *National City Bank v. Plechaty (In re Plechaty)*, 213 B.R. 119, 121 (B.A.P. 6th Cir. 1997))). A factual determination is clearly erroneous "when although there is evidence to support it, the

reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Bailey*, 254 B.R. at 903 (citations omitted).

## III. FACTS

Debtor Kevin P. O'Donnell filed a chapter 7 bankruptcy petition on March 10, 2003. Debtor Neil J. O'Donnell filed a chapter 7 bankruptcy petition on May 7, 2003.

On November 19, 2001, Normali had an arbitration award against the O'Donnell Corporations reduced to a judgment in the Cuyahoga County Common Pleas Court in the amount of $309,600, plus interest at 10 percent. The award was based on Normali's claim against the O'Donnell Corporations for wrongful termination of employment.

On November 30, 2001, Normali filed another suit in the Cuyahoga County Court of Common Pleas against the Debtors and various O'Donnell family trusts, asserting that certain transfers of assets from the O'Donnell Corporations to them violated Ohio Revised Code § 1336.07. Normali alleged that Kevin and Neil O'Donnell had, in an attempt to prevent him from collecting his judgment against the O'Donnell Corporations, fraudulently transferred the assets of the O'Donnell Corporations to themselves individually or into family trusts. Subsequently, the Debtors filed their individual bankruptcy petitions. Normali filed an adversary complaint against Kevin O'Donnell which was virtually identical to the state fraudulent conveyance action, and asserted that Kevin O'Donnell's discharge should be denied pursuant to 11 U.S.C. § 727(a)(2), (3), (5) and (7) and that the debt owed by Kevin O'Donnell to Normali should be declared nondischargeable pursuant to 11 U.S.C. § 523(a)(4) and (6). Normali also filed proofs of claim in the individual bankruptcy case of each of the Debtors, asserting that the Debtors were individually liable on the judgment obtained by Normali against the O'Donnell Corporations due to their fraudulent conduct in transferring or causing the transfer of the assets of the corporations to the individual Debtors and/or into trusts that were established for the benefit of the individual Debtors. Normali attached to the proofs of claim a copy of the complaint filed against the individual Debtors and the family trusts.

The Debtors filed objections in their individual cases to Normali's proofs of claim, asserting that Normali's claims were not against the Debtors individually but were against the O'Donnell

Corporations. The Debtors noted in their objections that since each of the O'Donnell Corporations had filed its own chapter 7 petition, only the chapter 7 trustee for each of those estates had the right to prosecute the claims against the individual Debtors for the alleged wrongful transfer of assets.

The bankruptcy court, after a hearing, sustained Debtors' objections to Normali's proofs of claim, holding that Normali did not have standing to file a proof of claim to recover money fraudulently transferred to the Debtors or their trusts by the O'Donnell Corporations, since any such action belonged to the chapter 7 trustee serving for each of the O'Donnell Corporations. The bankruptcy court opined at the hearing that perhaps Normali could pursue his claims against the individual Debtors if he were to successfully move to have the individual Debtors' cases substantively consolidated with those of the O'Donnell Corporations. In a marginal order, the bankruptcy court sustained the individual Debtors' objections to Normali's claims. The court delayed the entry of judgment in the adversary proceeding to permit Normali to determine whether he wished to file a motion for substantive consolidation. Nothing in the record indicates that a motion was filed or that the adversary proceeding was disposed of by the bankruptcy court. The disposition of the adversary proceeding, if any, is not part of this appeal.

Normali filed his timely notice of appeal in each Debtor's case. The Panel entered an order granting the parties' joint motion to consolidate the appeals for briefing and submission. For the first time on appeal, Normali argues that the Debtors do not have standing to object to his proofs of claim.

## IV. DISCUSSION

### A. Does Appellant have Standing to File Proofs of Claim Against the Debtors?

This case turns on whether Normali has standing to file proofs of claim in the Debtors' cases. If not, the decision of the bankruptcy court should be affirmed and the other issues raised by Normali are moot. A trial court, or any appellate court, may *sua sponte* deny any claim for lack of standing of the party attempting to bring the claim. *See, e.g., FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 231, 110 S. Ct. 596, 607 (1990) (holding that "[t]he federal courts are under an

independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines'").

"Creditor" includes any "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor . . . ." 11 U.S.C. § 101(10)(A). A "claim," is a:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured;

11 U.S.C. § 101(5).

Pursuant to 11 U.S.C. § 501(a), any creditor of a debtor may file a proof of claim. Pursuant to 11 U.S.C. § 502(a), "[a] claim . . . proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." The initial burden of stating a claim rests with the claimants:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is 'prima facie' valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward.

*In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992). Only the statement of a prima facie case invokes the presumptive validity of a proof of claim. *Namer v. Sentinel Trust Co. (In re AVN Corp.)*, 248 B.R. 540, 547 (Bankr. W.D. Tenn. 2000).

Normali is a creditor of and has a claim against the O'Donnell Corporations. Normali's complaint against the Debtors is an attempt to recover the assets of the O'Donnell Corporations to enable him to collect his claim. The O'Donnell Corporations are currently debtors in bankruptcy, and the trustee in each of the corporate bankruptcies has intervened as a party plaintiff and removed Normali's fraudulent transfer claim to the bankruptcy court. A creditor does not have standing to

bring an action that belongs to the bankruptcy trustee. *Honigman v. Comerica Bank (In re Van Dresser Corp.),* 128 F.3d 945, 947 (6th Cir. 1997); *see also Whirlpool Corp. v. CIT Group/Business Credit, Inc.*, 258 F. Supp. 2d 1140 (D. Haw. 2003) (providing a historical overview of the development of the law in this area and citing *Glenny v. Langdon*, 98 U.S. 20, 25 L. Ed. 43 (1878)). If the trustee in the O'Donnell Corporations' bankruptcies is successful against the Debtors, he will establish a claim against the Debtors for the value of assets fraudulently transferred to them. This would benefit all of the creditors of the O'Donnell Corporations, including Normali.

As a result of the filing of the corporate bankruptcy cases, Normali no longer has standing to pursue the recovery of the value of corporate assets for his sole benefit. A single creditor may not maintain an action on its own behalf if that creditor shares an injury common to all creditors and has been injured only in an incidental manner. *Hall v. Sunshine Mining Co. (In re Sunshine Precious Metals, Inc.)*, 157 B.R. 159, 163 (Bankr. D. Idaho 1993). Normali does not have an individual right to payment and therefore no longer has a "claim" against the individual Debtors.

Therefore, the bankruptcy court below properly held that Normali did not have standing to file a proof of claim in Appellees' cases, and the bankruptcy court will be affirmed.

B. May the Appellant Raise the Issue of Standing for the First Time on Appeal?

Normali raises for the first time on appeal the issue of the Debtors' standing to file objections to his proofs of claim. The Sixth Circuit Court of Appeals has stated that "because lack of standing is a jurisdictional bar, an appellate court may consider questions of standing *sua sponte*." *Bittel v. Yamato Int'l Corp. (In re Bittel)*, No. 94-1396, 1995 WL 699672, at *2 (6th Cir. Nov. 27, 1995) (citing *Community First Bank v. Nat'l Credit Union Admin.*, 41 F.3d 1050, 1053 (6th Cir. 1994) (holding that appellee's failure to cross appeal did not waive standing issue; "[s]tanding is not an affirmative defense that must be raised at risk of forfeiture"); *see also Bd. of County Comm'rs v. W.H.I., Inc.*, 992 F.2d 1061, 1063 (10th Cir. 1993) (standing is a threshold issue that must be resolved before the federal court acquires jurisdiction, and, therefore, standing may be raised at any time). Even though it is raised for the first time in this appeal, the Panel may consider Normali's assertion that the Debtors lack standing to object to the proofs of claim.

C. Do the Debtors Have Standing to Object to Appellant's Proofs of Claim?


The Panel has already determined that Normali lacked standing to file proofs of claim in the Debtors' bankruptcy cases. Because standing is a jurisdictional issue that may be raised by the Panel itself, the filing of an objection by the Debtors is not necessary to the Panel's decision, and was not necessary to the bankruptcy court's decision. However, while not strictly necessary to the Panel's decision, the Panel will review the question of whether the Debtors had standing to object to Normali's proofs of claim. As noted above, 11 U.S.C. § 502(a) provides that a proof of claim is deemed allowed "unless a party in interest . . . objects." *See also* Fed. R. Bankr. P. 3008. The term "party in interest" is not defined in the Code.

> [Party in interest] has been described as 'an expandable concept depending on the particular factual context in which it is applied.' *In re River Bend-Oxford Associates*, 114 B.R. 111, 113 (Bankr. D. Md. 1990). In various contexts, a 'party in interest' has been held to be one who has an actual pecuniary interest in the case, *Kapp v. Naturelle, Inc.*, 611 F.2d 703, 706 (8th Cir. 1979); anyone who has a practical stake in the outcome of a case, *In re Amatex Corporation*, 755 F.2d 1034, 1041-44 (3rd Cir. 1985); and those who will be impacted in any significant way in the case, *In re Johns-Manville Corp.*, 36 B.R. 743, 754 (Bankr. S.D.N.Y. 1984).

*Morton v. Morton (In re Morton)*, 298 B.R. 301, 307 (B.A.P. 6th Cir. 2003) (citing *In re Cowan*, 235 B.R. 912, 915 (Bankr. W.D. Mo. 1999)). A party in interest includes those persons with a personal stake or pecuniary interest in the outcome of the controversy. In most cases, only a chapter 7 trustee may file objections to proofs of claim. *United States v. Jones*, 260 B.R. 415, 418 (E.D. Mich. 2000). A debtor generally lacks standing to object to a proof of claim. *Kapp v. Naturelle, Inc.*, 611 F.2d 703 (8th Cir. 1979); *Woodmar Realty Co. v. McLean (In re Woodmar Realty Co.)*, 241 F.2d 768 (7th Cir. 1957); *Gregg Grain Co. v. Walker Grain Co.*, 285 F. 156 (5th Cir. 1922); *Caserta v. Tobin*, 175 B.R. 773 (S.D. Fla. 1994); *Silverman v. Leucadia, Inc. (In re Silverman)*, 37 B.R. 200 (S.D.N.Y. 1982); *In re Creditors Serv. Corp.*, 206 B.R. 174 (Bankr. S.D. Ohio 1997); *In re Woods*, 139 B.R. 876 (Bankr. E.D. Tenn. 1992).

There are two exceptions to the general rule that the chapter 7 debtor lacks standing to object to proofs of claim, however. A chapter 7 debtor may file an objection to a proof of claim: (1) where

assets are more than sufficient to pay all administrative expenses and creditors in full; or (2) where the claim involved may not be discharged. *Willard v. O'Neil (In re Willard)*, 240 B.R. 664 (Bankr. D. Conn. 1999) (citations omitted). Where a judgment debt may never be discharged pursuant to 11 U.S.C. § 523, the debtor has a direct pecuniary interest in the outcome of the action, and thus has standing to object to the claim. *Id*. In Kevin O'Donnell's case, Normali's complaint objected to Kevin O'Donnell's discharge and objected to the dischargeability of the debt owed to him. Success on the complaint is necessary to the establishment of Normali's (now the trustee's) claim. The proof of claim entails the possibility of personal liability for Kevin O'Donnell. Thus Kevin O'Donnell has standing to object to the proof of claim. In Neil O'Donnell's case, Normali has not filed a complaint objecting to discharge or the nondischargeability of the particular debt, only because he received an extension of time to file a complaint pending the outcome of the Debtors' objections to his claim. Therefore, the proof of claim filed in Neil O'Donnell's case also entails the possibility of personal liability. Neil O'Donnell has standing to object to the proof of claim.

Normali responds that there is a possibility that the corporate estates may be solvent if fraudulent transfers are recovered and some claims are not allowed. Therefore, Normali argues that Neil O'Donnell and Kevin O'Donnell may not be liable on the claims because the estates may be able to pay the claims. This argument ignores the fact that the complaint against the Debtors is a complaint for the recovery of the very assets that may make the corporate estates solvent. It seeks to recover assets presently in the hands of the Debtors as transferees of fraudulent transfers. The determination of whether the individual Debtors have standing to object to the proofs of claim filed by Normali turns on whether the claims may subject the Debtors to personal liability. Clearly they may, and the Debtors thus have standing to object.

## V. CONCLUSION

Because the claims he seeks to assert belong to the bankruptcy estates of the O'Donnell Corporations, the Panel concludes that Normali lacks standing to file proofs of claim in the individual Debtors' cases. The decision of the bankruptcy court is AFFIRMED.