## HAWKE v. SERVICISED PRODUCTS CORPORATION et al.

### No. 7415.

Circuit Court of Appeals, Sixth Circuit.

April 5, 1938.

Geo. S. Hawke, of Cincinnati, Ohio (H. Henry Sundermann, of Cincinnati, Ohio, on the brief), for appellant.

John H. More, of Cincinnati, Ohio (Franklin R. Overmyer and Petit, Olin & Overmyer, all of Chicago, Ill., and Taft, Stettinius & Hollister, of Cincinnati, Ohio, on the brief), for appellees.

Before HICKS, and SIMONS, Circuit Judges, and FORD, District Judge.

FORD, District Judge.

This is an appeal from an order dismissing the action without prejudice because of plaintiff's failure to obey an order of the court.

The only parts of the record brought up by the appellant relating to the judgment appealed from are certain orders of the court showing the filing of claims to funds attached, the appointment of an auditor "for the purpose of hearing all matters relating to accounting herein," the overruling of exceptions filed by the plaintiff, the confirmation of the auditor's report, the allowance of compensation to the auditor for his services, the requirement that plaintiff pay the sum allowed the auditor, the failure of the plaintiff to make payment in compliance with the order, and the dismissal without prejudice on account thereof.

The transcript contains none of the pleadings. The portions of the record brought here are entirely insufficient to show the nature of the case or the issues involved.

It is elementary that appellate courts do not presume error, but grant relief only in cases where it is affirmatively made to appear that error has been committed. Mercantile Trust Co. v. Hensey, 205 U.S. 298, 306, 27 S.Ct. 535, 51 L.Ed. 811, 10 Ann.Cas. 572.

It is the duty of the appellant to bring up sufficient portions of the record to affirmatively show the error claimed. Loring v. Frue, 104 U.S. 223, 224, 26 L.Ed. 713; Kearney v. Denn ex dem. Sansbury, 15 Wall. 51, 56, 21 L.Ed. 41.

Having nothing before us but the orders complained of, upon the face of which no error is disclosed, the presumption must prevail that the court acted properly, in the

appropriate exercise of judicial discretion and upon lawful grounds.

The appellant also assigns error to and seeks review of numerous intermediate orders upon matters wholly unrelated to the order from which the appeal is taken. The dismissal without prejudice for the failure of the plaintiff to comply with a particular order of the court involved no determination of the merits of the case. Upon appeal from such an order, the scope of review in the appellate court is limited by the nature of the decision from which the appeal is taken and does not embrace questions which have no relation to it. Old Colony Trust Co. v. City of Seattle, 271 U.S. 426, 429, 46 S.Ct. 552, 553, 70 L.Ed. 1019. However, if such questions were open for our review, we would be unable to do so upon the fragmentary record before us.

Judgment affirmed.