## HAWKE v. SERVICISED PRODUCTS CORPORATION.

### No. 4005.

United States District Court
N. D. Ohio, W. D.

Sept. 8, 1949.

George S. Hawke, Cincinnati, Ohio, for plaintiff.

Petit, Olin & Overmyer, Chicago, Owen & Owen, Toledo, for defendant.

KLOEB, District Judge.

The matter before the Court is entitled "Refiled Motion To Set Aside Feb. 3, 1936 Order of Dismissal Without Prejudice, On Ground of Fraud, With Proof of Service, And Brief In Support Attached". The prayer of the motion reads as follows: "Wherefore, the premises considered, this plaintiff moves and prays, that this Court make and enter its order vacating and setting aside the order and judgment of this Court of February 3, 1936 dismissing plaintiff's cause without prejudice, and that this Court grant plaintiff leave to file an amended reply to defendant's answer and an amended answer to the cross-petition filed by defendant July 31, 1934, and that plaintiff have such further and other relief as is just, meet and proper in the premises."

The order of February 3, 1936, which the plaintiff desires this Court to vacate and set aside reads as follows: "It appearing that the plaintiff, George S. Hawke, has failed to comply with the order of the court entered herein on January 4, 1936, this cause is now and here dismissed without prejudice, at the plaintiff's costs. Exceptions are allowed to the plaintiff."

The above order followed an order entered January 4, 1936, which reads as follows:

"It appearing that on the 14th day of December, 1934, this court entered an order directing the plaintiff herein to forthwith pay to the clerk of this court the sum of $330.00, being the amount paid herein to Fred H. Kruse, as Auditor herein, for his compensation and expenses, which said order has now become final; and it further appearing that this cause has been assigned for trial on Tuesday, February 11th, 1936; and it further appearing that the defendant has made a motion to dismiss this cause for failure on the part of the plaintiff to comply with the previous order of the court hereinabove referred to, and the court being duly advised in the premises,

"It is hereby ordered that unless the plaintiff herein complies with the previous order of the court hereinabove referred to on or before February 1st, 1936, that this cause stand dismissed, without prejudice, at the plaintiff's costs. See 18 C.J., 1181, note 44 [27 C.J.S., Dismissal and Nonsuit, § 59]; Solomon v. Rothenberg, 146 Misc. 277, 262 N.Y.S. 843.

"Exceptions are allowed to the plaintiff."

On February 8, 1936, the plaintiff filed a petition for appeal, which was allowed, and the case was taken to the Circuit Court of Appeals. Under date of April 5, 1938, the Court of Appeals affirmed the judgment of dismissal, 6 Cir., 95 F.2d 710.

On December 17, 1947, plaintiff filed a motion to set aside the order of dismissal on the ground of fraud, which contains substantially the same allegations as in the motion now before the Court. This was the first time in the record of this case when the plaintiff made any charge of fraud. This charge relates to the claimed suppression and manufacture of evidence in the hearing upon a re-reference to the Auditor appointed by the Court in this case. That report was filed October 5, 1934, and the order overruling exceptions was entered December 14, 1934. On December 18, 1934, petition for appeal was filed and allowed. On June 6, 1935, a certified copy of the order of the Court of Appeals dismissing the appeal was filed in this Court. On October 11, 1935, a certified copy from the Circuit Court of Appeals denying the motion of the appellant to set aside the order dismissing the appeal was filed, and the action in that case became final.

Upon the motion of the plaintiff, filed December 17, 1947, to set aside the order of dismissal of February 3, 1936 on the ground of fraud, this Court entered an order on June 18, 1948 requiring the plaintiff to pay the unpaid costs arising upon the dismissal of the case at the plaintiff's costs, previously entered and affirmed by the Court of Appeals, referred to above. This order reads as follows:

"This matter came on to be heard upon the plaintiff's motion to set aside order of dismissal entered herein on February 3, 1936, and for leave to file amended reply to defendant's answer and amended answer to cross petition filed by defendant July 31, 1934, and was submitted to the Court.

Upon consideration thereof, and it appearing to the Court from the record in this case that this cause has been dismissed at the plaintiff's costs, and that the amount of such costs unpaid is the sum of $641.08, good cause appearing to the Court,

"It Is Ordered that the plaintiff pay the said costs within thirty (30) days to the Clerk of this Court, and that, in default thereof, this proceeding with reference to said motion of plaintiff be dismissed."

On July 19, 1948, the plaintiff filed a motion for a review and vacation of the Court's order of June 18, 1948, upon which the Court entered the following order on August 18, 1948:

"This matter came on to be heard upon the plaintiff's motion, filed July 19, 1948, for a review and vacation of the Court's order of June 18, 1948, and the answer of the defendant thereto. Upon consideration thereof, and good cause therefor appearing to the Court,

"It Is Ordered that the plaintiff's said motion be and it hereby is overruled.

"Good cause further appearing to the Court, It Is Ordered that the motion of the plaintiff, filed December 17, 1947, to set aside the order of dismissal of February 3, 1936 be and it hereby is denied, and this case is dismissed at the costs of plaintiff."

No appeal was perfected to the above order. The record of the case shows that, on November 17, 1948, there was received by the Clerk notice of appeal from this order, and that it was returned to the plaintiff because of being filed too late.

The plaintiff now seeks to again bring before the Court the same matter that was presented to the Court in his motion of December 17, 1947, and to vacate the orders of the Court dismissing this case for non payment of costs, after that action of this Court has been affirmed by the Circuit Court of Appeals. He seeks to do this by virtue of the provisions of Rule 60(b) Federal Rules of Civil Procedure, 28 U.S. C.A., which provides that, on motion, the Court may relieve a party from a final order for "fraud * * * or other misconduct of an adverse party", and further provides that the motion shall be made

within a reasonable time and "not more than one year after the judgment, order, or proceeding was entered or taken." The order complained of, which the plaintiff in the motion now before the Court seeks to have vacated and set aside, was entered February 3, 1936. Aside from the fact that the plaintiff has no standing in this Court by reason of this case having been dismissed, and because of his failure to comply with the previous orders of the Court with regard to the payment of costs, it would seem that this motion comes too late. The motion will, therefore, be overruled.