In re R.D.F. DEVELOPMENTS,
INC., Debtor.

R.D.F. Developments, Inc.,
Plaintiff–Appellee,

v.

Sysco Corp., Defendant–Appellant.

BAP No. 99–8016.
Bankruptcy No. 96–57633.
Adversary No. 97–2332.

United States Bankruptcy Appellate Panel
of the Sixth Circuit.

Submitted on Briefs Sept. 1, 1999.

Decided Oct. 4, 1999.

Randal Robinson, Burman & Robinson, Columbus, Ohio, Michael T. Gunner, Gunner & Banchefsky, Hilliard, Ohio, on brief, for Appellant.

Frederick Langdon Ransier, Dawn Dunker, Ransier & Ransier, Columbus, Ohio, on brief, for Appellee.

Before MORGENSTERN–CLARREN, RHODES, and STOSBERG, Bankruptcy Appellate Panel Judges.

## OPINION

Creditor Sysco Corp. ("Sysco") appeals the bankruptcy court's judgment in favor of the Chapter 7 Trustee determining that certain payments to Sysco are recoverable as preferential transfers under 11 U.S.C. § 547. The Panel has unanimously determined after examining the briefs, record, and appendix that oral argument is not needed. Fed.R.Bankr.P. 8012. For the reasons set forth below, the Panel AFFIRMS.

## I. ISSUES ON APPEAL

This appeal raises three issues: (1) whether the bankruptcy court abused its discretion when it denied Sysco's motion for a trial continuance; (2) whether the court's finding that the payments to Sysco were preferential transfers under 11 U.S.C. § 547(b) was clearly erroneous; and (3) whether the court's finding that Sysco failed to prove its defenses under 11 U.S.C. § 547(c) was clearly erroneous.

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction over final orders of the bankruptcy courts of the Southern District of Ohio. 28 U.S.C. § 158(a)(1) and (c). The bankruptcy court's determination that the transfers can be avoided under 11 U.S.C. § 547 is a final appealable order. *Sicherman v. Diamoncut, Inc. (In re Sol Bergman Estate Jewelers, Inc.)*, 225 B.R. 896 (6th Cir. BAP 1998).

The bankruptcy court's decision regarding continuance of the trial is reviewed for an abuse of discretion. *Official Unsecured Creditors Comm. of Valley–Vulcan Mold Co. v. Ampco–Pittsburgh Corp. (In re Valley–Vulcan Mold Co.)*, 237 B.R. 322 (6th Cir. BAP 1999). "A court has abused its discretion if the reviewing court has a definite and firm conviction that the trial court committed a clear error in judgment in the conclusion that it reached based on all the appropriate factors." *Belfance v. Black River Petroleum, Inc. (In re Hess)*, 209 B.R. 79, 80 (6th Cir. BAP 1997). The bankruptcy court's findings of fact, "whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed.R.Bankr.P. 8013. A finding of fact is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504,

1511, 84 L.Ed.2d 518 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)).

### III. FACTS

#### The Trial Date

On November 17, 1997, Debtor R.D.F. Developments, Inc. ("the Debtor") filed this adversary proceeding while in Chapter 11 seeking to recover $12,500 in payments made to Sysco in the 90-day period before the bankruptcy case was filed. The bankruptcy court set a trial date of September 14, 1998. After the Debtor's case was converted to Chapter 7, the Chapter 7 Trustee ("the Trustee") moved to continue the trial. On September 14, 1998, the bankruptcy court granted the motion and rescheduled the trial to February 9, 1999.

On February 1, 1999, Sysco filed a motion to continue the trial. The bankruptcy court entered an order denying this request on February 5, 1999. Sysco's motion and the order denying the continuance are not included in the appellate record.

At the outset of the February 9, 1999 trial, Sysco's counsel orally renewed the motion for a continuance, stating that lead counsel was on a long-planned vacation. The court declined to consider the issue again and the trial proceeded as scheduled. The Trustee presented the testimony of Robert Fettes, Sr., president of the Debtor, and introduced exhibits into evidence. Sysco presented its case through the cross-examination of Mr. Fettes.

#### The Evidence Presented at Trial

The Debtor provided distribution, management, marketing, and accounting services to various pizza restaurants. Sysco supplied goods to the Debtor. The parties began doing business in late 1993 or early 1994, with the Debtor generally buying supplies from Sysco on a weekly basis. Initially, Sysco was to be paid on a net 45 days basis, meaning that invoices over 45 days old had to be paid in full. When the Debtor had trouble maintaining those payments, the Debtor and Mr. Fettes, personally, signed at least one promissory note in favor of Sysco for the arrearage. Eventually, all such notes were paid in full.

The Debtor's financial difficulties continued. In about August of 1995, Sysco agreed to the Debtor's request to extend its payment terms to a net 75 days basis. Between that time and February of 1996, the Debtor continued to receive goods from Sysco, but did not make any payments to it.

By February of 1996, the Debtor owed Sysco more than $200,000. At that point, Sysco required the Debtor to pay for new shipments on a C.O.D. basis. The parties also agreed that the Debtor would pay Sysco $1,000 each week on the arrearage. The Debtor paid a total of $12,500 to reduce the arrearage in the 90-day period before its Chapter 11 filing.

#### The Bankruptcy Court's Decision

The bankruptcy court issued an oral opinion and entered a judgment in favor of the Trustee in the amount of $12,500, plus interest and costs. The court found that the Trustee proved each of the elements of a preference under § 547(b) and that Sysco failed to prove its ordinary course and new value defenses under § 547(c).

### IV. DISCUSSION

#### A. Sysco's Motion to Continue the Trial

Sysco argues that the bankruptcy court abused its discretion by denying the motion to continue the trial and asserts prejudice because it did not have time to have witnesses present at trial. In general, a court's decision regarding a continuance is reviewed for an abuse of discretion. Sysco, however, has not presented a sufficient record to permit review of this issue because Sysco did not include the motion or the order denying the motion in the appellate record. "It is the duty of the appellant to bring up sufficient portions of the record to affirmatively show the error claimed." *Hawke v. Servicised Prods.*

*Corp.*, 95 F.2d 710 (6th Cir.1938), cert. denied, 306 U.S. 650, 59 S.Ct. 592, 83 L.Ed. 1049 (1939). See also *Abrams v. Sea Palms Assocs. Ltd. (In re Abrams)*, 229 B.R. 784, 789 (9th Cir. BAP 1999) (Appellant has the burden of providing a sufficient record on appeal and the failure to provide an adequate record is grounds for affirming the bankruptcy court's decision.). Sysco did not do so.

Additionally, an appellant has the responsibility to comply with Bankruptcy Rule 8009. That rule provides:

> (b) Appendix to Brief. If the appeal is to a bankruptcy appellate panel, the appellant shall serve and file with the appellant's brief excerpts of the record as an appendix, which shall include the following:
>
> . . . .
>
> (3) The judgment, order, or decree from which the appeal is taken;
>
> (4) Any other orders relevant to the appeal;
>
> . . . .
>
> (6) Any motion and response on which the court rendered decision[.]
>
> . . . .

Fed.R.Bankr.P. 8009(b). Sysco also failed to comply with this rule.

■ Sysco recites numerous facts in its appellate brief that allegedly relate to the motion and the court's reasons for denying it. However, "[f]actual statements contained in a party's brief are not a part of the record." *Kremer v. Clarke (In re Frank Fehr Brewing Co.)*, 268 F.2d 170, 183 (6th Cir.1959). Under these circumstances, the record before the Panel is insufficient to allow review of the order denying the motion, in which case "the presumption must prevail that the [bankruptcy] court acted properly, in the appropriate exercise of judicial discretion and upon lawful grounds." *Hawke*, 95 F.2d at 710–711.

■ Moreover, even if the Panel reviews the issue based on the statements made by counsel at trial, which are part of the transcript included in the appellate record, the Panel does not have a definite and firm conviction that the bankruptcy court committed a clear error in judgment in denying the continuance. Sysco's counsel advised the bankruptcy court at the trial that co-counsel was on vacation. The record shows that the adversary proceeding had been pending for over a year at the time of trial, affording Sysco ample time to prepare for this relatively simple preference case. Sysco also had almost five months' notice of the trial date and Sysco did have a lawyer present at trial. Given these facts, the bankruptcy court did not abuse its discretion in denying the continuance.

**B. The Trustee's Case under 11 U.S.C. § 547(b)**

Bankruptcy Code § 547(b) provides that the Trustee may recover certain payments made by the Debtor in the 90 days before the bankruptcy was filed. The Trustee has the burden of proving that the transfers made during this period are preferences. 11 U.S.C. § 547(g). Sysco argues that the Trustee failed to prove that the disputed transfers enabled it to receive more than it would receive in a Chapter 7 liquidation as required by § 547(b)(5). Sysco did not, however, make this argument in the bankruptcy court. In the absence of a dispute on this issue, the court referred to the Debtor's schedules and found this element of a preference.

■ "Appellate courts ordinarily do not consider issues raised for the first time on appeal [and] [a]n argument is waived that is not first presented to the bankruptcy court." *Koenig Sporting Goods, Inc. v. Morse Road Co. (In re Koenig Sporting Goods, Inc.)*, 229 B.R. 388, 389, n. 1 (6th Cir. BAP 1999) (internal citations omitted). However, the rule is not absolute. An appellate court may exercise its discretion to review such issues in exceptional circumstances or where application of the rule would result in a miscarriage of jus-

tice. *Id.* (citing *United States v. Reed,* 141 F.3d 644, 651–52 (6th Cir.1998)).

> The exercise of such discretion is guided by factors such as: 1) whether the issue newly raised on appeal is a question of law, or whether it requires or necessitates a determination of facts; 2) whether the proper resolution of the new issue is clear and beyond doubt; 3) whether failure to take up the issue for the first time on appeal will result in a miscarriage of justice or a denial of substantial justice; and 4) the parties' right under our judicial system to have the issues in their suit considered by both a [trial] judge and an appellate court.

*Friendly Farms v. Reliance Ins. Co.,* 79 F.3d 541, 545 (6th Cir.1996). On balance, the Panel concludes that these factors do not weigh in favor of review in this appeal because the issue requires a factual determination, the resolution of the issue is not entirely clear, and because failure to take up the issue will not result in a denial of substantial justice. As a result, the Panel will not consider this issue for the first time on appeal.

### C. Sysco's Defenses under 11 U.S.C. § 547(c)

 Although the Trustee proved his case under § 547(b), the Trustee may not avoid the disputed transfers if Sysco proved one of the affirmative defenses set out in § 547(c). Sysco had the burden of proving such a defense by a preponderance of the evidence. 11 U.S.C. § 547(g); *Luper v. Columbia Gas of Ohio, Inc. (In re Carled, Inc.),* 91 F.3d 811 (6th Cir.1996).

At trial, Sysco argued that it had provided new value to the Debtor, but did not specify whether its defense was under § 547(c)(1) or (c)(4). The bankruptcy court found that Sysco did not prove that it had provided new value. On appeal, Sysco argues that this finding is clearly erroneous, but it still does not specifically link its argument to either (c)(1) or (c)(4). The Panel will address both.

Sysco also contends that the trial court clearly erred in finding that Sysco did not prove its ordinary course of business defense under § 547(c)(2).

### 11 U.S.C. §§ 547(c)(1) and (c)(4)

Section 547(c)(1) provides that a trustee may not avoid a transfer:

> (1) to the extent that such transfer was—
>
> (A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and
>
> (B) in fact a substantially contemporaneous exchange[.]

11 U.S.C. § 547(c)(1).

Under § 547(c)(4), a trustee may not avoid a transfer:

> (4) to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor—
>
> (A) not secured by an otherwise unavoidable security interest; and
>
> (B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor[.]

"New value" is defined as:

> money or money's worth in goods, services, or new credit, or release by a transferee of property previously transferred to such transferee in a transaction that is neither void nor voidable by the debtor or the trustee under any applicable law, including proceeds of such property, but does not include an obligation substituted for an existing obligation[.]

11 U.S.C. § 547(a)(2).

The bankruptcy court found that Sysco did not provide new value to the Debtor. Sysco argues that it provided new value based on the new net 75 days credit terms it extended to the Debtor. There is evidence in the record, however, that such terms were no longer in effect during the

preference period, and that the Debtor was instead on C.O.D. terms for new purchases at that time. Consequently, the new credit terms were not new value within the meaning of § 547(a)(2), and Sysco's new value defense, whether under § 547(c)(1) or (c)(4), must be rejected.

### 11 U.S.C. § 547(c)(2)

 Under § 547(c)(2), a trustee may not avoid a transfer:

(2) to the extent that such transfer was—

(A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee;

(B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

(C) made according to ordinary business terms[.]

11 U.S.C. § 547(c)(2). Sysco had the burden of proving each of the three elements set out in parts (A), (B), and (C). *Logan v. Basic Distrib. Corp. (In re Fred Hawes Org., Inc.)*, 957 F.2d 239 (6th Cir.1992).

 The bankruptcy court found that Sysco failed to prove that the payments were made in the ordinary course of the business or that they were within the restaurant industry standard. Sysco argues only that the arrearage payments were made in the ordinary course of the parties' relationship. Mr. Fettes, however, testified that the Debtor and Sysco never had one set course of payments. To the contrary, he stated that the payment terms changed several times over the course of their dealings, ranging from net 45 days, to net 75 days, to terms reflected in a promissory note, to $1,000 a week payments, to C.O.D. The court's finding that Sysco failed to prove that the payments were made in the ordinary course is *not*, therefore, clearly erroneous.

 Sysco also had the burden of proving that the payments were "made according to ordinary business terms" under § 547(c)(2)(C). This section requires

the court to "analyze whether the particular transaction in question comports with the standard conduct of business within the industry." *Fred Hawes Org., Inc.*, 957 F.2d at 246. "'[O]rdinary business terms' means that the transaction was not so unusual as to render it an aberration in the relevant industry." *Carled, Inc.*, 91 F.3d at 818. The bankruptcy court found that there was no evidence presented on this issue and Sysco does not identify any such evidence on appeal. As Sysco failed to prove two of the three elements of § 547(c)(2), the court's finding that Sysco did not prove this defense is supported by the record and is not clearly erroneous.

## V. CONCLUSION

The bankruptcy court's judgment in favor of the Trustee under 11 U.S.C. § 547 is AFFIRMED.