*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to 6th
Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name: 08b0001n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | |
|---|---|
| In re: ROBERT E. LONG and TERESA MAE LONG, | ) ) ) |
| Debtors. | ) ) |
| _____ | ) ) |
| KRISTEN N. HARDMAN, | ) ) No. 07-8022 |
| Plaintiff-Appellee, | ) ) |
| v. | ) ) |
| ROBERT E. LONG, | ) ) |
| Defendant-Appellant. | ) ) |
| _____ | ) |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio, Eastern Division, at Columbus.
No. 05-53152; 05-2275.

Submitted: February 5, 2008

Decided and Filed: February 29, 2008

Before: PARSONS, SCOTT, and SHEA-STONUM, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:** Robert E. Long, Irwin, Ohio, pro se.

---

**OPINION**

---

MARILYN SHEA-STONUM, Bankruptcy Appellate Panel Judge. Robert E. Long ("Appellant") appeals the bankruptcy court's judgment and memorandum opinion excepting certain debts set forth in his divorce decree from discharge under 11 U.S.C. § 523(a)(15).[1] The bankruptcy court found the debts were incurred in connection with the Appellant's divorce and the Appellant failed to prove his inability to pay the debts or that the benefit to him of the discharge of the debts would outweigh the detriment to his former wife, Kristen N. Hardman ("Appellee"). For the reasons stated below, we AFFIRM the bankruptcy court's decision.

## I.  ISSUES ON APPEAL

The issue before the Panel is whether the bankruptcy court erred in finding that certain debts incurred by the Appellant in connection with his divorce decree are excepted from discharge pursuant to 11 U.S.C. § 523(a)(15).

## II.  JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Southern District of Ohio has authorized appeals to the Panel, and a final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). For purposes of appeal, a final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489

---

[1] Because the Debtors filed their bankruptcy petition prior to October 17, 2005, the case is governed by the Bankruptcy Code without regard to the amendments made to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. All statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101 to 1330 (2004), unless otherwise specifically noted.

U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted). "A bankruptcy court's judgment determining dischargeability is a final and appealable order." *Cash Am. Fin. Servs., Inc. v. Fox (In re Fox)*, 370 B.R. 104, 109 (B.A.P. 6th Cir. 2007) (quoting *Hertzel v. Educ. Credit Mgmt. Corp. (In re Hertzel)*, 329 B.R. 221, 224-25 (B.A.P. 6th Cir. 2005)).

Determinations of dischargeability under 11 U.S.C. § 523 are conclusions of law reviewed de novo. *In re Fox*, 370 B.R. at 109 (citing *Bailey v. Bailey (In re Bailey)*, 254 B.R. 901, 903 (B.A.P. 6th Cir. 2000)). De novo review requires the "appellate court [to determine] the law independently of the trial court's determination." *Id.* (quoting *O'Brien v. Ravenswood Apartments, Ltd. (In re Ravenswood Apartments, Ltd.)*, 338 B.R. 307, 310 (B.A.P. 6th Cir. 2006)).

The factual determinations underlying the bankruptcy court's dischargeability findings are upheld on appeal unless they are clearly erroneous. *Id.* (citing *Hertzel v. Educ. Credit Mgmt. Corp. (In re Hertzel)*, 329 B.R. 221, 225 (B.A.P. 6th Cir. 2005) and *Van Aken v Van Aken (In re Van Aken)*, 320 B.R. 620, 622 (B.A.P. 6th Cir. 2005) (dischargeability determinations present mixed questions of law and fact; the bankruptcy court's conclusions of law are reviewed de novo, while findings of fact are reviewed for clear error)). A factual determination is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Bailey v. Bailey* (*In re Bailey*), 254 B.R. 901, 903 (B.A.P. 6th Cir. 2000) (citations omitted).

## III.   FACTS

For the reasons that follow, a complete discussion of the lengthy findings of fact made by the bankruptcy court following trial of this matter is not necessary, rather they are incorporated by this reference. On January 24, 2007, the bankruptcy court issued its memorandum opinion detailing its findings of fact and conclusions of law and, on January 25, 2007, entered a final judgment in favor of the Appellee. Following an extension of time to appeal, the Appellant timely filed a notice of this

appeal.[2] The Designation of Record and the Addendum of Designation of Record in this appeal (J.A. Excerpts 6 and 8) consist of documents that were not presented at trial. Further, the record on appeal does not include any portion of the transcript of the trial in bankruptcy court.

## IV. DISCUSSION

As it was in effect at the time the Appellant filed his bankruptcy case, § 523(a)(15) excepted from discharge martial obligations that were not alimony, maintenance, or support obligations covered by § 523(a)(5). *Hammermeister v. Hammermeister (In re Hammermeister)*, 270 B.R. 863, 875-76 (Bankr. S.D. Ohio 2001). Section 523(a)(15) provided that a debtor may not discharge a debt:

> (15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—
>
> > (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or
> >
> > (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

11 U.S.C. § 523(a)(15).

The objecting creditor spouse had the initial burden of proving that the debt was one excepted from discharge under § 523(a)(15). *Hart v. Molino (In re Molino)*, 225 B.R. 904, 907 (B.A.P. 6th Cir. 1998). Once the objecting spouse met that burden, the burden shifted to the debtor to prove one of the affirmative defenses outlined in subsections (A) or (B) by a preponderance of the evidence.

---

[2] On May 30, 2007, an order was issued to the Appellant notifying him of a procedural default, that no designation of record had been filed, and advising that the appeal would be dismissed for non-prosecution unless the default was cured within 15 days. When the default was not cured, the clerk of the Panel issued an order dismissing the appeal on June 15, 2007. On June 22, 2007, the Appellant filed a motion to reopen the appeal on grounds of a clerical error. He stated that the designation of record was filed on June 4, 2007, and attached a file stamped copy. On July 3, 2007, the clerk of the Panel issued an order reinstating the appeal to the active docket of the court.

*Id.*; *Grogan v. Garner*, 498 U.S. 279, 291, 111 S. Ct. 654, 661 (1991). In the present case, the Appellant does not challenge the bankruptcy court's finding that the debts at issue are property settlement debts in connection with the parties' divorce decree. He does, however, challenge the court's calculation of disposable income used to determine whether he has the ability to pay the Property Settlement Debts and the failure of the bankruptcy court to apply the balancing test.

Many courts applied the disposable income test to determine whether the debtor had an ability to pay for the purposes of § 523(a)(15). *In re Hammermeister*, 270 B.R. at 877. Under this test, discharge was appropriate only where repaying the non support obligation would reduce a debtor's current income below the level reasonably needed for the support of the debtor and the debtor's dependents. *Jestice v Jestice (In re Jestice)*, 168 F. App'x. 39, 44 (6th Cir. 2006).

> Under subsection 523(a)(15)(A), the starting point for the determination of ability to pay is at the time of trial. *In re Smither*, 194 B.R. 102, 108 (Bankr. W.D. Ky. 1996). A debtor's future circumstances and earning potential may also be considered. *Id.* . . . In this determination, reasonably necessary expenses are those which are adequate, and not luxury items. *Id.* And a debtor is expected to minimize his daily expenses and do without amenities. *Biederman v. Stoodt (In re Stoodt),* 302 B.R. 549, 557 (Bankr. N.D. Ohio 2003).

*In re Jestice*, 168 F. App'x. at 44.

The bankruptcy court found that the Appellant earns a monthly net income of $1,679 from his full time employment and an approximate gross monthly income of $750 from his part-time employment. The Appellant challenges the bankruptcy court's finding regarding the income from his part-time employment, arguing that it is contrary to his 2005 federal income tax return which shows a $877 annual loss of income from Papa Pinoni's Pizza. However, the Appellant has not provided the Panel with any basis for determining that the bankruptcy court's finding was clearly erroneous. The appellate record does not include any part of the trial transcript, and we are unable to determine from the bankruptcy court's memorandum opinion what evidence the court considered in calculating the Appellant's income from his part-time employment.

The Appellant is responsible for presenting sufficient portions of the bankruptcy court record to prove the error claimed. *R.D.F. Devs., Inc. v. Sysco Corp. (In re R.D.F. Devs., Inc.)*, 239 B.R. 336

(B.A.P. 6th Cir. 1999).[3]  Where an appellant fails to meet his burden to provide an adequate record on appeal, it is impossible for a panel to determine that the bankruptcy court's findings were clearly erroneous.  *Abrams v. Sea Palms. Assocs. Ltd. (In re Abrams)*, 229 B.R. 784, 789 (B.A.P. 9th Cir. 1999) (affirming the bankruptcy court's findings of fact in light of the inadequate record on appeal). In the present case, without the trial transcript, the record is inadequate.  Therefore, the presumption that the bankruptcy court acted properly and made correct factual findings must prevail.  *See In re R.D.F. Devs., Inc.*, 239 B.R. at 340.  The Appellant has not shown that the bankruptcy court's calculation of disposable income and its conclusion that the Appellant has the ability to pay based on that calculation were clearly erroneous.  Based on the record before us, we are not left with a definite and firm conviction that a mistake has been committed.  Therefore, the Panel affirms the findings of the bankruptcy court.

The Appellant also argues that as a result of the "ineffective assistance" of his counsel, the bankruptcy court did not consider the balancing test set forth in § 523(a)(15)(B).   Specifically, he refers to his attorney's failure to seek discovery of the Appellee's financial status and his attorney's failure to produce tax returns that had been timely provided by the Appellant to him.  However, the Sixth Amendment right to the effective assistance of counsel does not apply to civil matters such as this proceeding.  *United States v. $100,375.00 in U.S. Currency*, 70 F.3d 438, 440 (6th Cir. 1995) (citing *Austin v. United States*, 509 U.S. 602, 113 S. Ct. 2801 (1993)); *Father & Sons Lumber and Bldg. Supplies, Inc. v. Nat'l Labor Relations Bd.*, 931 F.2d 1093, 1097 (6th Cir. 1991).

The Appellant bore the burden of proof at trial on the balancing test. *In re Molino*, 225 B.R. at 907.   The bankruptcy court made findings of fact based on the evidence presented to it. Notwithstanding the alleged incompetence of his lawyer, the failure to present sufficient evidence to establish by a preponderance of the evidence that the benefit to the debtor of the discharge of the Property Settlement Debts outweighed the detriment to his former wife was fatal to the Appellant's case under § 523(a)(15)(B).  The bankruptcy court correctly noted that it would have considered

---

[3] Local Rule of the Bankruptcy Appellate Panel 8009-3 requires the appendix to include the portions of the transcript necessary for adequate review of the issues before the panel and requires the Panel to consider only those portions of the transcript included in the appendix.

evidence relating to, *inter alia*, (1) the amount of debt and payment terms; (2) all parties' and spouses' current incomes; (3) all parties' and spouses' current expenses; (4) all parties' and spouses' current assets; (5) all parties' and spouses' current liabilities; (6) parties' and spouses' health, job training, education, age, and job skills; (7) dependents and their ages and special needs; (8) changes in financial conditions since divorce; (9) amount of debt to be discharged; (10) if objecting creditor is eligible for relief under the Code; and (11) whether parties have acted in good faith in filing bankruptcy and in litigation of § 523(a)(15), had such additional information been made part of the evidence at trial. However, such evidence was not offered at trial.

In this case, it is not appropriate on appeal to add additional proofs to the record in an attempt to prove the Appellant's case. *See, e.g., Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007 (6th Cir. 2003). The proof must be presented at the trial court level, not on appeal. *Sovereign News Co. v. United States*, 690 F.2d 569, 571 (6th Cir. 1982) ("A party may not by-pass the fact-finding process of the lower court and introduce new facts in brief on appeal."). Therefore, the documents included in Excerpt 8 of the Appendix, which were not submitted to the bankruptcy court during trial, cannot be considered by the Panel. Based on the record before it, the bankruptcy court was not mistaken when it found that the Appellant failed to carry his burden of proof on the balancing test found in § 523(a)(15)(B) as it existed at the time he filed his bankruptcy case.

## V. CONCLUSION

The Appellant has failed to provide a record to support his contention that the bankruptcy court's findings of fact were clearly erroneous. In addition, the Appellant did not show that the bankruptcy court erred in finding that the Appellant failed to carry his burden of proof on the issues raised by 11 U.S.C. § 523(a)(15)(B). Therefore, the decision of the bankruptcy court is AFFIRMED.