*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name: 09b0002n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re: WILLIAM OLIVER and LOUISE OLIVER, | ) ) ) ) | |
| Debtors. | ) ) ) | |
| _____ | ) ) | No. 08-8053 |
| | ) ) | |
| WILLIAM OLIVER, and LOUISE OLIVER, | ) ) ) | |
| Appellants, | ) ) | |
| v. | ) ) ) | |
| BANKFIRST FINANCIAL SERVICES, | ) ) ) | |
| Appellee. | ) ) | |
| _____ | ) | |

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio, Eastern Division.
No. 08-12528.

Submitted: February 3, 2009

Decided and Filed: February 17, 2009

Before: FULTON, McIVOR, and RHODES, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:** Jack Curtis, HOHMANN, BOUKIS & CURTIS CO., L.P.A., Cleveland, Ohio, for Appellee. William H. Oliver, Louise Oliver, Cleveland, Ohio, pro se.

---

**OPINION**

---

STEVEN RHODES, Bankruptcy Appellate Panel Judge. William and Louise Oliver, pro se, appeal orders of the bankruptcy court sustaining objections to their chapter 13 plan, denying confirmation, and dismissing their case.

## I.   ISSUES ON APPEAL

The issues presented by this appeal are whether the bankruptcy court erred in sustaining objections to the Olivers' chapter 13 plan, denying confirmation, and dismissing their case.

## II.   JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel has jurisdiction to decide this appeal. The United States District Court for the Northern District of Ohio has authorized appeals to the Panel, and neither party has timely elected to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). The bankruptcy court's first order sustained objections to confirmation of the Olivers' plan and denied confirmation. It did not, however, dismiss the case. Generally, an order which neither confirms a plan nor dismisses the case is not final. *Davis v. Green Tree Servicing, LLC (In re Davis)*, 386 B.R. 182, 184 (B.A.P. 6th Cir. 2008). However, because the subsequent order of the bankruptcy court dismissed the Olivers' case, we will consider the entire appeal as one from a final order. *See e.g., Millers Cove Energy Co., Inc. v. Moore (In re Millers Cove Energy Co., Inc.)*, 128 F.3d 449, 451 (6th Cir. 1997) ("[T]he concept of finality applied to appeals in bankruptcy is broader and more flexible than the concept applied in ordinary civil litigation.").

We review the bankruptcy court's order sustaining objections to the Olivers' chapter 13 plan, and denying confirmation de novo. *See e.g., Brock v. Branch Banking & Trust Co. (In re Johnson*), 380 B.R. 455, 458 (B.A.P. 6th Cir. 2007)(interpretation of bankruptcy code is reviewed de novo). "Under a *de novo* standard of review, the reviewing court decides an issue independently of, and

without deference to, the trial court's determination." *Gen. Elec. Credit Equities, Inc. v. Brice Road Devs., LLC (In re Brice Road Devs., LLC),* 392 B.R. 274, 278 (B.A.P. 6th Cir. 2008) (citation omitted).

The bankruptcy court's order dismissing the Olivers' case is reviewed for an abuse of discretion. *Riverview Trenton R.R. Co. v. DSC, Ltd. (In re DSC, Ltd.)*, 486 F.3d 940, 944 (6th Cir. 2007). "An abuse of discretion occurs only when the [trial] court relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *Kaye v. Agripool, SRL (In re Murray, Inc.),* 392 B.R. 288, 296 (B.A.P. 6th Cir. 2008) (citation omitted).

## III.   FACTS

The Olivers have filed three chapter 13 cases that are relevant to this appeal.  The first was filed on February 23, 2007, and dismissed on July 3, 2007 for failure to file required documents.  The Olivers filed a notice of appeal of that order, but the appeal was dismissed as untimely.

The second case was filed on November 14, 2007.  That case was dismissed on December 20, 2007 for failure to file schedules and a plan.  The Olivers did not appeal that order.

The Olivers' third chapter 13 petition was filed on April 9, 2008.  The petition identified BankFirst Financial Services ("BankFirst"), the appellee, as a creditor holding a claim secured by real property located in Noxubee County, Mississippi.  The Olivers' chapter 13 plan proposed to pay BankFirst $108.33 per month against an estimated arrearage of $6,500 on a loan from BankFirst secured by real property located at 6620 Crooksville Road, Macon, Mississippi.  The plan further proposed to pay all post-petition mortgage payments and real estate taxes as they became due, beginning with the first payment due after the filing of the Olivers' petition.  On April 10, 2008, the Olivers' filed a Motion for Continuation of the Automatic Stay Pursuant to 11 U.S.C. § 362(c)(4)(B). BankFirst objected on the grounds that the case was the third chapter 13 case the Olivers had filed during the previous year, the Olivers had not rebutted the resulting presumption of a bad faith filing, and the real property which was the collateral for BankFirst's loan was sold at a foreclosure auction on February 1, 2008.  BankFirst explained that its debt had been fully satisfied by the foreclosure sale, and its local Mississippi counsel was holding $126,544.97 in excess proceeds in trust for the

Olivers' benefit. On May 15, 2008, the bankruptcy court issued an order holding that as a result of the foreclosure sale of the Olivers' property, BankFirst's objection to the continuation of the automatic stay was moot, and ordered that the motion to extend the stay was granted as to the Olivers' creditors for all property of the Olivers located in Ohio.

Subsequently, BankFirst filed an objection to confirmation of the Olivers' chapter 13 plan on the grounds that the plan was not filed in good faith because it included payments on the property that had been sold at the foreclosure auction, and because it violated the bankruptcy court's May 15, 2008 order extending the automatic stay only as to property owned by the Olivers in Ohio. The bankruptcy court held a confirmation hearing on July 15, 2008, at which it sustained the objections to the Olivers' plan and denied confirmation.

On July 21, 2008, the Olivers filed a "Motion Note of Appeal," to which they attached the bankruptcy court's July 15, 2008 order. Subsequently, the chapter 13 trustee filed a motion to convert the Olivers' case to one under chapter 7, asserting that the proceeds of the foreclosure sale held in trust for the Olivers were such that a significant dividend would be paid to unsecured creditors under chapter 7, and therefore, it would be in the best interest of the creditors that the estate be liquidated. The Olivers opposed the trustee's motion on the grounds that BankFirst was holding "illegal money" and did not have the right to sell their land because it was not the land they agreed to give as collateral for the loan in question. After holding a hearing on the trustee's motion, the bankruptcy court issued an order on August 13, 2008 dismissing the Olivers' case pursuant to 11 U.S.C. § 1307(c).

The Olivers then timely filed a "Motion Note of Appeal" requesting that the "appeal be amended to the appeal of July 21, 2008" and attaching both the August 13, 2008 order dismissing the case, and the earlier July 15, 2008 order denying confirmation of their chapter 13 plan.

## IV. DISCUSSION

The Olivers' brief does not address the bankruptcy court's order denying confirmation or its order dismissing the Olivers' case. Instead, the Olivers assert that BankFirst engaged in a "fraudulent conspiracy discrimination act." According to the Olivers, they made all required

payments on the loan with BankFirst by check, but rather than negotiating the checks, BankFirst held them to make it appear as though the payments were not made. Additionally, the Olivers assert that when BankFirst began foreclosure proceedings, the automatic stay was in place. They conclude by "asking the court to order BankFirst to give the money to the person who bought the land, and to get on this pay plan whereas all of the creditors can be paid in full."

Because the Olivers fail to address the orders or issues that they have purportedly appealed, we may deem the issues waived. *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996) ("[I]t is a 'settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'") (quoting *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990), *cert. denied*, 494 U.S. 1082, 110 S. Ct. 1814 (1990)); *see also Dorris v. Absher*, 179 F.3d 420, 425-26 (6th Cir. 1999) (issue not raised in briefs considered waived unless "exceptional case" exists where failure to address argument would result in miscarriage of justice). We recognize, however, that the Olivers are proceeding before us pro se, and may, therefore, be granted a certain amount of latitude we do not ordinarily grant to attorneys. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (pro se litigants held to less stringent standards). Having recognized the Olivers' pro se status, we will address the issues despite the Olivers' failures.

A. *Denial of Confirmation*

The Olivers attempt to cure the default on the mortgage on the Mississippi property through their proposed chapter 13 plan. However, the Sixth Circuit Court of Appeals has held in the context of a mortgage foreclosure on a principal residence that once a valid, pre-bankruptcy foreclosure sale has taken place, a debtor-mortgagor cannot revive and reinstate the mortgage and cure arrearages under a chapter 13 plan. *Fed. Land Bank of Louisville v. Glenn (In re Glenn)*, 760 F.2d 1428, 1442 (6th Cir. 1985).

If *Glenn* applies, it would be clear that the Olivers' attempt to cure the default through their chapter 13 plan was improper. The holding in *Glenn* is not directly on point , however, because the foreclosed property is not the principal residence of the Olivers. The Sixth Circuit has not directly addressed the issue in the context of property that is not the debtor's principal residence. However, the issue was addressed in *Agee v. Fenton Poured Walls, Inc. (In re Agee)*, 330 B.R. 561 (E.D. Mich. 2005). In *Agee*, the chapter 13 debtor failed to pay a subcontractor for work on the construction of

a house on property he owned. The subcontractor filed a construction lien on the property, and a foreclosure action and sheriff's sale of the property followed. Minutes after the sale was concluded, Agee filed a petition for relief under chapter 13 of the Bankruptcy Code. The debtor's plan proposed to cure the debt owed on the lien pursuant to § 1322(b)(5). The subcontractor objected, and relying primarily on the Sixth Circuit's holding in *Glenn,* the bankruptcy court denied confirmation of the plan. The District Court affirmed. *Id*. at 570.

Agee argued that *Glenn* did not apply, in part, because the lien on his property did not involve his principal residence. The bankruptcy court concluded, and the District Court agreed, nevertheless, that "'despite the differences between Glenn and [*Agee*], however, . . . the principles of the Glenn case, at least the broad general principles apply here by close analogy.'" *Agee*, 330 B.R. at 564 (quoting bankruptcy court opinion at 8). The District Court agreed with the debtor that the public policy addressed in § 1322(b)(2) whereby holders of claims secured by a debtor's principal residence are granted a preferred status so as not to decrease attractiveness of home mortgages as investment opportunities, which was addressed in *Glenn*, was not present in *Agee*. However, it noted that both *Glenn* and *Agee* were concerned not with the right to modify under § 1322(b)(2), but with the right to cure under § 1322(b)(5). *Id.*

The Panel agrees that even in the context of a non-principal residence, the "principles of the Glenn case, at least the broad general principles apply here by close analogy." The Sixth Circuit in *Glenn* was frustrated by the failure of § 1322(b)(5) to provide a clear cut-off point for the right to cure. *Glenn*, 760 F.2d at 1435. In the end, they chose the sale of the mortgaged premises as the cut-off date of the statutory right to cure defaults. *Id*. While the Sixth Circuit chose this "pragmatic" result in the context of principal residence foreclosure, it did not specifically limit its holding. Moreover, the court's reasons for choosing the sale as the cut-off date apply whether the mortgaged property is principal or non-principal. For example, the Sixth Circuit cited as reasons for its holding that "the date of sale is a measurable, identifiable event of importance in the relationship of the parties . . . the sale introduces a new element - the change of ownership . . . [t]he foreclosure sale normally comes only after considerable notice giving the debtor opportunity to take action . . . setting the date of sale as the cut-off point avoids most of what some courts have described as the 'unseemly race to the courthouse.'" *Id*. at 1435-36. These reasons apply equally here despite the fact that the foreclosed property was not the Olivers' principal residence. Because the mortgaged premises has

been sold, the Olivers cannot revive and reinstate the mortgage and cure the arrearages through a chapter 13 plan. Confirmation of the plan as proposed was properly denied.

The Olivers' argument that the automatic stay was in place when BankFirst foreclosed on the property also fails. The second chapter 13 case was filed on November 14, 2007, and dismissed on December 20, 2007. The foreclosure sale took place on February 1, 2008. The third chapter 13 case was not filed until April 9, 2008. There was no automatic stay in place on February 1, 2008.

B. *Dismissal of the Olivers' Case*

The bankruptcy court order of August 13, 2008 stated, in pertinent part:

> For the reasons stated in open court and on the record, the court finds that cause exists under 11 U.S.C. § 1307(c) to convert or dismiss this case, and that the best interests of the creditors and the estate are served by dismissal. The trustee's motion to convert is, therefore, denied, the debtors' objection is overruled, and the case is dismissed.

(Appellee's App. at 36).

The Olivers' appendix does not include a transcript of the hearing at which the bankruptcy court stated its reasons for dismissing the case. Local Rule 8009-3 of the Bankruptcy Appellate Panel requires the appendix to include portions of any transcripts necessary for adequate review of the issues before the Panel. "'It is the duty of the appellant to bring up sufficient portions of the record to affirmatively show the error claimed.'" *R.D.F. Devs., Inc. v. Sysco Corp. (In re R.D.F. Devs., Inc.)*, 239 B.R. 336, 339-40 (B.A.P. 6th Cir. 1999) (quoting *Hawke v. Servicised Prods. Corp.*, 95 F.2d 710 (6th Cir. 1938), *cert. denied*, 306 U.S. 650, 59 S. Ct. 592 (1939)). Because the Olivers have failed to meet their burden to provide an adequate record on appeal, we have grounds for affirming the bankruptcy court's decision. *Abrams v. Sea Palms Assocs. Ltd. (In re Abrams)*, 229 B.R. 784, 789 (B.A.P. 9th Cir. 1999). Without a transcript of the hearing, there is insufficient information to determine whether the bankruptcy court abused its discretion in dismissing the case. In such a case, "'the presumption must prevail that the [bankruptcy] court acted properly . . . and upon lawful grounds.'" *R.D.F. Devs., Inc.*, 239 B.R. at 340 (quoting *Hawke*, 95 F.2d at 710-11.)

While the Olivers filed this appeal pro se and pro se litigants are generally entitled to some latitude - latitude we have already extended, this latitude is not extended to "'straightforward procedural requirements that a layperson can comprehend as easily as a lawyer.'" *In re Linder*,

215 B.R. 826, 831 (B.A.P. 6th Cir. 1998) (quoting *Jourdan*, 951 F.2d at 109). *See also Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) ("[P]ro se litigants are not entitled to a general dispensation from the rules of procedure . . ."). Even making reasonable allowance for the Olivers' pro se status and liberally construing the documents filed on appeal, the record lacks evidence to support their arguments. Based on the record before us, the bankruptcy court did not abuse its discretion in dismissing the Olivers' chapter 13 case.

## V.   CONCLUSION

For the foregoing reasons, the orders of the bankruptcy court denying confirmation of the Olivers' proposed chapter 13 plan, and dismissing the case are AFFIRMED.