*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name: 09b0007n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | |
|---|---|
| In re:   WILLIAM E. GUNTHER, Jr., | ) |
| | ) |
| Debtor(s). | ) |
| ——————————————————— | ) |
| | ) |
| QUINTIN AND COURTNEY MACDONALD, | ) |
| | ) |
| Appellants, | )     No. 08-8108 |
| | ) |
| v. | ) |
| | ) |
| WILLIAM E. GUNTHER, Jr., | ) |
| | ) |
| Appellee. | ) |
| ——————————————————— | ) |
| | ) |
| | ) |

Appeal from the United States Bankruptcy Court
for the Middle District of Tennessee, at Nashville.
No. 07-08516.

Submitted: August 19, 2009

Decided and Filed: September 30, 2009

Before: FULTON, HARRIS, SHEA-STONUM, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:** James David Nave, ROTHSCHILD, NAVE & AUSBROOKS, PLLC, Nashville, Tennessee, for Appellee. Quintin G. Macdonald, Nashville, Tennessee, pro se.

**OPINION**

MARILYN SHEA-STONUM, Bankruptcy Appellate Panel Judge.  Quintin and Courtney Macdonald (the "Macdonalds") appeal the December 8, 2008 order of the bankruptcy court sustaining the objection of William E. Gunther (the "Debtor") to the amount of the Macdonalds' unsecured claim against Debtor.  The bankruptcy court granted the Debtor's objection and allowed the Macdonalds' claim in the amount of $114,270.47 based on the amount of a prepetition arbitration award against the Debtor and in favor of the Macdonalds, plus post-judgment interest. The Macdonalds argue that they are entitled to an additional $14,246.29 pursuant to the provisions of a July 2005 agreement to arbitrate between the Debtor and the Macdonalds (the "July Agreement").

## I.   ISSUES ON APPEAL

Whether the Bankruptcy Court erred when it disallowed the part of the Macdonalds' claim which was based on certain provisions of the July Agreement?

## II.   JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Middle District of Tennessee has authorized appeals to the Panel and no party has elected to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6) and (c)(1).  A final order of the bankruptcy court may be appealed as of right.  28 U.S.C. § 158(a)(1). An order disallowing a claim is a final order.  *Beneke Co. v. Economy Lodging Sys., Inc. (In re Economy Lodging Sys., Inc.)*, 234 B.R. 691, 693 (B.A.P. 6th Cir. 1999); *see Spencer Central Developers v. Sterling Rubber Products Co. (In re Sterling Rubber Products Co.)*, No. 04-8090, 2006 WL 348143 (B.A.P. 6th Cir. Feb. 15, 2006).

> Insofar as the appellant asserts that the order disallowing its claim represents an error of law, the order is reviewed *de novo. E .g., Corzin v. Fordu ( In re Fordu)*, 201 F.3d 693, 696 n. 1 (6th Cir. 1999). "*De novo* means that the appellate court determines the law independently of the trial court's determination." *Treinish v. Norwest Bank Minn., N.A. ( In re Periandri)*, 266 B.R. 651, 653 (B.A.P. 6th Cir. 2001) (quoting

*Myers v. IRS (In re Myers)*, 216 B.R. 402, 403 (B.A.P. 6th Cir. 1998) (quoting *Corzin v. Fordu (In re Fordu)*, 209 B.R. 854, 857 (B.A.P. 6th Cir. 1997), *aff'd*, 201 F .3d 693 (6th Cir. 1999)), *aff'd*, 196 F.3d 622 (6th Cir. 1999)). Insofar as the appellant challenges the order disallowing its claim on the basis of an error of fact, the order is reviewed for clear error. Fed. R. Bankr. P. 8013 & 7052; Fed.R.Civ.P. 52(a). "A finding of fact is clearly erroneous 'when although there is evidence to support it, the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed.' " *United States v. Mathews (In re Mathews)*, 209 B.R. 218, 219 (B.A.P. 6th Cir. 1997) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511 (1985)).

*In re Sterling Rubber Products Co.*, 2006 WL 348143, *1.

### III.   FACTS

In July, 2001, the Macdonalds hired the Debtor to perform a property inspection on certain residential property. Following conclusion of the inspection upon which the Macdonalds relied, the Macdonalds closed on the purchase of the residential property. Shortly after closing, the Macdonalds discovered problems with the residential property, which they felt the Debtor should have found during the course of his inspection. In July, 2002, the Macdonalds filed suit against Debtor in the Chancery Court of Tennessee (the "Chancery Court") to resolve the disputes surrounding the home inspection. Three years later, the litigation was still pending in Chancery Court, and the Debtor and the Macdonalds agreed to resolve their dispute pending in the Chancery Court through binding arbitration.

An arbitration was held. In the Award, the arbitrator found in favor of the Macdonalds and awarded them damages in the amount of $98,347.30. The Award consists of compensatory damages, consumer protection act damages and attorney's fees, costs and expenses incurred in pursuing the Chancery Court litigation. In addition, the Award provides that each party is to bear their own arbitration costs and expenses.

The Macdonalds sought confirmation of the Award by the Chancery Court and requested an increase in the Award against the Debtor. The Chancery Court denied the request to increase the Award citing Tenn. Code Ann. § 29-5-314, part of the Uniform Arbitration Act as adopted in Tennessee.[1] The Chancery Court did, however, confirm the Award on April 4, 2006 in the amount

---

[1]Section 29-5-314 provides,

(a) Upon application made within ninety (90) days after delivery of a copy of the award to the

of $98,347.30 and "tax court costs to the [Debtor]." No other costs, expenses or attorney's fees were awarded by the Chancery Court. The Macdonalds did not appeal the order confirming the Award.

The Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on November 17, 2007 (the "Petition Date"). The Macdonalds timely filed a proof of claim in the amount of $128,516.76 consisting of the following: $98,347.30 for "unpaid principal amount of judgment;" $27,669.46 for "interest pursuant to statute & arbitration exp.;" and $2,500 for "attorney fee for representation in Bankruptcy Court if provided in note or contract and actually paid.".

On June 4, 2008, the Debtor filed an objection to the amount of the Macdonalds' claim. Specifically, the Debtor challenged the Macdonalds' claim for arbitration expenses and attorney's fees. The Court held a hearing on the objection to the claim on December 1, 2008. At the hearing, the Macdonalds argued that they are entitled to arbitration expenses and attorney's fees and costs incurred in the enforcement of the Award pursuant to the July Agreement. The July Agreement provides, in pertinent part,

> WHEREAS, the parties have agreed to stay the referenced litigation and to represent themselves in binding arbitration ...; and
>
> WHEREAS, the parties ... now desire to reach an agreement concerning certain issues regarding arbitration.
>
> NOW, THEREFORE, Gunther and Macdonalds agree as follows:
>
> 1.      The Macdonalds shall be responsible for payment of attorney Blankenship's fee for serving as arbitrator, except that, in the event the Macdonalds obtain an award against Gunther in excess of the sum of ten thousand dollars ($10,000), then Gunther shall pay the entire fee of the arbitrator.
>
> ....

---

applicant, the court shall modify or correct the award where:

(1) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

(2) The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

(3) The award is imperfect in a matter of form, not affecting the merits of the controversy.

Tenn. Code Ann. § 29-5-314.

3. The Agreement is strictly confidential and neither this Agreement nor the terms thereof shall be disclosed to any third party, including the arbitration (*sic*).

....

7. In the event either party files suit to enforce any of the terms of this Agreement, then the prevailing party shall be entitled to recover his reasonable attorney's fees and other costs associated with such litigation.

Appellants' Appendix at 82-83. This July Agreement was not provided to the arbitrator during the arbitration.[2] The bankruptcy court held that the Macdonalds were precluded from asserting claims based on the July Agreement and allowed the Macdonalds' claim in the amount of $114,270.47 and disallowed it to the extent of the $14,246.29.

## IV. DISCUSSION

On appeal, the Macdonalds argue that the July Agreement and the obligations arising thereunder are separate and distinct from the issues determined by the arbitrator or the Chancery Court, and therefore the bankruptcy court erred in disallowing the portion of the Macdonalds claim based on the July Agreement. The key issue in this case is the claim preclusive effect of the Award and the Chancery Court judgment confirming it. Once an arbitration award has been confirmed by the appropriate court, it is entitled to the same preclusive effect as would be given a decision of that court. *Hybert v. Shearson Lehman/American Exp. Inc.*, 688 F. Supp. 320 (N.D. Ill. 1988) (citing the Restatement (Second) of Judgments § 84(1)(1982)).

> In *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 79 L.Ed.2d 56. (1984), the United States Supreme Court expressed its preference for the use of the terms "issue preclusion" and "claim preclusion" to refer to the preclusive effect of a judgment in foreclosing future litigation rather than the more traditionally utilized terms "collateral estoppel" and "res judicata." "Claim preclusion generally refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." *Migra*, 465 U.S. at 77 n. 1, 104 S.Ct. 892. Issue

---

[2] Obviously, there is a tension here because the July Agreement was apparently not disclosed to the arbitrator, but the arbitration went forward based on some agreement of the parties. It remains unclear what the document submitted to the arbitrator actually said about the terms of the parties' agreement to arbitrate.

preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been actually litigated and decided. *Id.*

*In re Fordu*, 201 F.3d 693, 702-03 (6th Cir. 1999).

"*Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 384, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985), teaches that a federal court must apply the law of the state where the prior judgment was rendered in determining the extent to which a prior judgment should be given preclusive effect." *In re Fordu*, 201 F.3d at 706 n.17. "[I]f an individual is precluded from litigating a suit in a state court by the traditional principles of res judicata, he is similarly precluded from litigating the suit in federal court." *Gutierrez v. Lynch*, 826 F.2d 1534, 1537 (6th Cir. 1987) (footnote omitted).

Under Tennessee law,

> The doctrine of res judicata bars a second suit between the same parties on the same cause of action with respect to all the issues which were or could have been brought in a former suit. *Wall v. Wall*, 907 S.W.2d 829, 832 (Tenn. App. 1995). A plaintiff may not, by disclaiming or failing to present a particular fact or theory, preserve such fact or theory to be used as a ground for a second suit. *McKinney v. Widner*, 746 S.W.2d 699 (Tenn. App. 1987).

*Barnett v. Milan Seating Systems*, 215 S.W.3d 828, 834-35 (Tenn. 2007). To invoke claim preclusion under Tennessee law, the following elements must be established:

> (1) the judgment in the prior case was final and concluded the rights of the party against whom the defense is asserted, and (2) both cases involved the same parties, the same cause of action, or identical issues.

*Id. (*citing *Scales v. Scales*, 564 S.W.2d 667, 670 (Tenn.App. 1977)).

There is no dispute that there is a final decision on the merits by the Chancery Court confirming the Award or that the subsequent action is between the same parties, the Macdonalds and the Debtor.

The allocation of costs and expenses of arbitration, applications to confirm an arbitration award and subsequent related proceedings is necessarily one of the matters determined by an arbitrator and subsequently by the court being asked to confirm an award. "Unless otherwise

provided in the agreement to arbitrate, the arbitrators' expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award." Tenn. Code Ann. § 29-5-311. In addition, arbitration awards can be modified only for the reasons set forth in Tenn. Code Ann. § 29-5-314(a)(1) and (3). Tenn. Code Ann. § 29-5-310. A challenge to the allocation of arbitration expenses is not one of the recognized reasons for modifying an arbitration award. In this case, the arbitrator awarded costs and expenses, including some attorney's fees, but he also directed that each party was to bear its own arbitration costs and expenses. It appears that the issue of who should bear the cost and expense of arbitration was decided by the arbitrator and confirmed by the Chancery Court.

If the Macdonalds believed that the allocation of the costs of arbitration was beyond the scope of what the arbitrator was to decide, they should not have sought confirmation of the award by the Chancery Court without a request that the allocation of costs be severed from the judgment as beyond the scope of the arbitrator's authority. *See, e.g., D&E Const. Co., Inc. v. Robert J. Denley Co., Inc.*, 38 S.W.3d 513, 518-19 (Tenn. 2001). Having failed to make such an argument successfully before the Chancery Court, the Macdonalds are precluded from asserting it as a basis for their claim in the Debtor's bankruptcy case.

In addition, "[u]pon the granting of an order confirming ... an award a, [sic] judgment or decree shall be entered in conformity therewith... . Costs of the application [to confirm the award], and of the proceedings subsequent thereto, and disbursements may be awarded by the court." Tenn. Code Ann. § 29-5-315. Thus, at the hearing on the application to confirm the Award, the Macdonalds could have requested an award of the costs and expenses of pursuing confirmation and of proceedings subsequent thereto. It does appear that, at a minimum, the Macdonalds requested an increase in the Award.[3] The Chancery Court denied that request citing Tenn. Code Ann. § 29-5-314. The Chancery Court did, however, "tax court costs to the [Debtor]." No other costs, expenses or attorney's fees were awarded. Either the Macdonalds requested additional costs, expenses or attorney's fees and were denied, or they could have made such a request pursuant to Tenn Code Ann. § 29-5-315, but did not.

---

[3] The record on appeal does not reveal the basis for the Macdonalds' request to increase the Award.

In *Creech v. Addington*, 281 S.W.3d 363 (Tenn. 2009) the Tennessee Supreme Court recently addressed the issue of what constitutes the "same cause of action" for purposes of res judicata or claim preclusion. After analyzing case law from federal courts and other state courts, as well as various commentaries, the Tennessee Supreme Court formally endorsed the "transactional approach" espoused by the Restatement (Second) of Judgments. 281 S.W.3d at 378-81. That standard provides as follows:

> When a valid and final judgment rendered in an action extinguishes the plaintiff's claim ..., the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

Restatement (Second) of Judgments § 24(1). "Under the Restatement standard, 'the concept of a transaction is ... used in the broad sense,' and 'connotes a natural grouping or common nucleus of operative facts.' *Id.* § 24 cmt. b." *Creech v. Addington*, 281 S.W.3d at 380 (footnote omitted). Clearly, the Macdonalds' claims against the Debtor for additional costs and expenses, including attorney's fees, based on the July Agreement arose out of the same transaction or series of connected transactions that resulted in the judgment of the Chancery Court confirming the Award.

## V. CONCLUSION

Therefore, as a matter of law, the July Agreement and any rights thereunder, have been subsumed by the Award and the judgment of the Chancery Court confirming the Award. The Macdonalds are precluded from claiming expenses and fees based on the July Agreement. Therefore, the bankruptcy court's decision to exclude the July Agreement and disallow the portion of the Macdonalds' claim for arbitration expenses and attorney's fees based on the July Agreement is affirmed.