*By order of the Bankruptcy Appellate Panel, the precedential effect*
*of this decision is limited to the case and parties pursuant to 6th*
*Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

File Name:  15b0001n.06

## BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

In re: FREMONT HOSPITALITY GROUP, LLC,

Debtor.

_____

)
)
)
)
)
)

Nos.  14-8053/8054

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio
Case No. 13-31005

Submitted: May 11, 2015

Decided and Filed:  June 22, 2015

Before: HARRISON, HUMPHREY, and PRESTON, Bankruptcy Appellate Panel Judges.

_____

### COUNSEL

_____

ON BRIEF:  Donald R. Harris, DONALD HARRIS LAW FIRM, Sandusky, Ohio, for Appellants.  Patricia B. Fugée, Roetzel & Andress, LPA, Toledo, Ohio, for Appellee.

_____

### OPINION

_____

**MARIAN F. HARRISON**, Bankruptcy Appellate Panel Judge.  Donald R. Harris ("Harris"), former counsel for the debtor, filed this appeal on behalf of the debtor and Annie Kolath ("Kolath"), an insider-creditor, from the bankruptcy court's order denying Kolath's motion for relief from the automatic stay and an order titled "Order Regarding Motions for Summary Judgment."  For the reasons stated below, the Panel affirms the bankruptcy court's rulings and dismisses both appeals.

# I. BACKGROUND

This case started out as a voluntary Chapter 11 case. A Chapter 11 Trustee was appointed on August 21, 2013, and the case was then converted to Chapter 7 on November 5, 2013. After the Chapter 11 Trustee was appointed but before the case was converted to Chapter 7, Harris filed a motion to withdraw as counsel. The bankruptcy court granted the motion to withdraw as counsel on May 15, 2014. On May 23, 2014, the debtor, through Harris, filed a notice of appeal from the bankruptcy court's order granting Harris' motion to withdraw as counsel and from an order granting the Chapter 7 Trustee's motion to sell property. The appeal from the order granting the motion to withdraw as counsel was dismissed for lack of prosecution, and the appeal from the sale order was dismissed for mootness because the sale had already been consummated.

Harris filed the current appeals on behalf of the debtor and Kolath.[1] As stated, the notices of appeal are from an order denying Kolath's motion for relief from the automatic stay and the Order Regarding Motions for Summary Judgment. The later dealt with cross motions for summary judgment filed by the Chapter 7 Trustee and Kolath with respect to Kolath's motion for relief from the automatic stay and the Chapter 7 Trustee's motion objecting to Kolath's proof of claim. The bankruptcy court granted the Trustee's motion for summary judgment and denied Kolath's motion for summary judgment.[2]

---

[1]Harris offers no explanation of his continued representation of the debtor after his motion to withdraw was granted. Moreover, there is no indication that Harris represents or has ever represented Kolath. In fact, the bankruptcy court's docket reflects that Kolath is represented by attorney Michael Bragg. Accordingly, the Panel is not confident that Harris is authorized to proceed on behalf of any party to this appeal, and in the event of further proceedings, this Panel may require proof of the same.

[2]Kolath's proof of claim was also the subject of an adversary proceeding, in which the bankruptcy court granted the Chapter 7 Trustee's motion for summary judgment, disallowing Kolath's claim in its entirety and avoiding the note and mortgage. The decision in the adversary was not appealed, and therefore, it is entitled to preclusive effect. *See Pratt v. Ventas, Inc.,* 365 F.3d 514, 521 (6th Cir. 2004) (citation omitted) (When a plaintiff does not appeal a bankruptcy court decision, the judgment of the bankruptcy court is final.).

The brief, filed by Harris on behalf of the debtor,[3] does not address those orders appealed, but rather, raises two unrelated issues:

1. Did the Bankruptcy Court err in moving forward with the bankruptcy proceedings involving a corporate party after declaring from the bench that such party's counsel was unable to proceed due to lack of a clear principal?

2. Did the Bankruptcy Court err when it granted the motion to convert the proceedings from a Chapter 11 to a Chapter 7 bankruptcy in light of the unusual circumstances before the court in this case.[4]

The items designated by Harris to be included in the record on appeal are only related to the issues stated in the appellant brief.

The Chapter 7 Trustee requests that the appeals be dismissed and the bankruptcy court rulings be affirmed, correctly raising a plethora of procedural shortcomings.

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide these appeals. The United States District Court for the Northern District of Ohio has authorized appeals to the Panel, and no party has timely elected to have this appeal heard by the district court. 28 U.S.C. § 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). For purposes of appeal, a final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (quotation marks and citations omitted). "An order denying a motion for relief from the automatic stay is final," *In re Rice*, 462 B.R. 651, 653 (B.A.P. 6th Cir. 2011) (citation omitted), as is an order disallowing a claim. *MacDonald v. Gunther* (*In re Gunther*), 431 B.R. 307, 2009

---

[3]The Panel notes that Kolath is not listed as an appellant in the brief.

[4]Harris, on behalf of the debtor, appealed the conversion order to the District Court. The appeal was dismissed on January 29, 2014, based on the debtor's failure to designate items from the record, failure to submit a statement of issues, failure to file a brief, and failure to respond to a motion to dismiss the appeal.

WL 3104033, at *1 (B.A.P. 6th Cir. Sept. 30, 2009) (unpublished table decision) (citations omitted).

Orders denying motions for relief from stay are reviewed for an abuse of discretion. *Spierer v. Federated Dep't Stores, Inc.* (*In re Federated Dep't Stores, Inc.*), 328 F.3d 829, 836 (6th Cir. 2003). Orders disallowing a claim are reviewed de novo when challenged as an error of law, *In re Gunther*, at *1, and reviewed for clear error when the basis for appeal is an error of fact. *Spencer Cent. Developers, LLC v. Sterling Rubber Prods. Co.* (*In re Sterling Rubber Prods. Co.*), No. 04-8090, 2006 WL 348143, at *1 (6th Cir. Feb. 15, 2006) (unpublished) (citations omitted).

### III. DISCUSSION

In the present cases, the designations of items to be included in the records on appeal are unrelated to the orders that were appealed pursuant to the notices of appeal. Federal Rule of Bankruptcy Procedure 8006[5] requires that the record on appeal include, in relevant part, "the judgment, order, or decree appealed from, and any opinion, findings of fact, and conclusions of law." The responsibility of presenting sufficient portions of the bankruptcy court record falls on the appellant to affirmatively prove the errors claimed. *R.D.F. Devs., Inc. v. Sysco Corp.* (*In re R.D.F. Devs., Inc.*), 239 B.R. 336, 339-40 (B.A.P. 6th Cir. 1999) (citations omitted). The record in these appeals does not include the orders appealed from, any related pleadings, or transcripts of relevant hearings. When an appellant fails to meet the burden of providing an adequate record on appeal, it is impossible for an appellate court to determine that the bankruptcy court's findings were wrong. *Abrams v. Sea Palms Assocs. Ltd.* (*In re Abrams*), 229 B.R. 784, 789 (B.A.P. 9th Cir. 1999) (citation omitted) (affirming bankruptcy court's findings of fact in light of inadequate record on appeal). Therefore, the presumption that the bankruptcy court acted properly and upon lawful grounds in exercising judicial discretion must prevail. *See In re R.D.F. Devs., Inc.*, 239 B.R. at 340 (citation omitted).

_____

[5]Amendments to the Bankruptcy Rules effective December 1, 2014, renumbered Federal Rule of Bankruptcy Procedure 8006 as Rule 8009. Because this case commenced prior to that date, the Panel cites to the Rule in existence prior to the amendments.

Moreover, the appellant brief does not contest the bankruptcy court's rulings being appealed. In fact, the appellant brief does not include any arguments or references to the record that are related to the orders being appealed. Pursuant to Federal Rule of Bankruptcy Procedure 8010(a)(1),[6] an appellant brief must include a statement of the issues presented with the applicable standard of review, as well as the appellant's contentions and reasons for them, with citation to authorities and to those parts of the record on which the appellant relies. Failure to comply with Fed. R. Bankr. P. 8010 is a basis for dismissal. *See Joelson v. Brown* (*In re Brown Family Farms, Inc.*), 872 F.2d 139, 142 (6th Cir. 1989) (affirming a district court's dismissal of an appeal where the appellant did not adequately address an important issue in its brief and so failed to fully comply with Rule 8010).

Neither the record on appeal nor the appellant brief illustrate a basis on which to reverse or vacate the orders appealed, therefore, the Panel affirms the bankruptcy court's orders and dismisses the appeals.[7]

---

[6]Effective December 1, 2014, Federal Rule of Bankruptcy Procedure 8010 was renumbered as Rule 8014.

[7]The Panel leaves it to the Chapter 7 Trustee to decide whether to pursue sanctions against Harris with respect to this appeal. *See* Fed. R. Bankr. P. 8020.